Nash, J.
 

 This case is now before this Court on the motion to dissolve the injunction. The equity of the plaintiff is so manifest from the defendant’s answer, that we do not hesitate to refuse the motion. The bill charges, that A. Y. Walton and J. W. Y. Walton were partners. This averment is not denied by the defendant, but he answers it by saying, that “ A. Y. Walton was not known or recognized as a partner.” We consider the answer in this particular, as evasive and disingenuous. Again, he admits, that most of the capital was advanced by A. Y. Walton, upon some arrangements between them, the
 
 exact
 
 nature and terms Avhereof, he does not know; and, further, when the
 
 establishment
 
 was broken up, that the amount of the sale of stock, áse., the debts due the said
 
 concern,
 
 and all the effects appertaining thereto, should be taken and belong to A. Y. Walton. It is impossible not to see from the answer, that the two Waltons were partners. B3r the law, A. Y. Walton, as surviving partner, was entitled to the note of the plaintiff, and he was entitled to it also, by the agreement, as set forth in the answer. As, however, it was made payable to J. W. Y. Walton singly, the action was well brought in the name of his administrator ; but in collecting it, the defendant, Thomas Walton, was the agent of A. Y. Walton, who had a right to control and direct him in so doing. He is informed by A. Y. Walton, by letter, before the judgment is obtained, that upon looking over
 
 our
 
 ledger, there is a memorandum of the payment of the Clark note, and di
 
 *159
 
 reeling liim to stay collecting the amount of the two hundred dollars. This direction from his principal, if not at law, at least so considered in this Court, he refuses to obey, upon the flims}' pretext that it is not an absolute receipt. We consider the answer as confirming the plaintiff’s equity. And the defendant, T. Walton, had no right to ask the Court to dissolve the injunction upon his answer alone, as he professes to know nothing about the matter. The other defendant does not answer, and the matters upon which the plaintiff’s equity rests, are within his knowledge, and, before the dissolution of the injunction, the plaintiff has a right to his answer, and the production of the books, in which the entry of the receipt of the Clark note was made.
 

 The interlocutory decree of the Court below is affirmed, and the defendant, Thomas Walton, must pay the costs of this Court.
 

 Per Curiam.
 

 Decree accordingly.